# IN THE SUPREME COURT OF THE STATE OF NEVADA

PASQUAL ANDRES MCMURRY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72805

**FILED**

FEB 22 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE[1]

This is an appeal from a judgment of conviction, pursuant to a jury trial, of four counts of sexual assault, battery with intent to commit sexual assault, battery constituting domestic violence committed by strangulation, coercion, and first-degree kidnapping. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellant was convicted for beating and sexually assaulting his girlfriend while they were in a hotel room in Las Vegas. Appellant argues that two errors in the proceedings below warrant relief. We disagree and affirm his judgment of conviction.

*Brady*

Appellant contends that the district court violated his due process rights by excusing the State from complying with its duties pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). Specifically, he claims that the district court's ruling relieved the State of its duty to search for favorable evidence within law enforcement's possession and to inspect personnel files for favorable evidence and that the district court erroneously found the State's standard procedures satisfied *Brady*.

---

[1]The Honorable Elissa F. Cadish and the Honorable Abbi Silver did not participate in the decision of this matter.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-08212

The Supreme Court of the United States has held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. The Supreme Court subsequently held that, even if no request is made, the prosecution has a duty to produce obviously exculpatory evidence to the defendant. *United States v. Agurs*, 427 U.S. 97, 106-07 (1976). This duty has been expanded to include impeachment evidence. *United States v. Bagley*, 473 U.S. 667, 676 (1985). The Supreme Court has also determined that the "prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police" and that the prosecutor remains responsible under *Brady* to disclose favorable evidence, regardless of whether the prosecutor was actually informed of said evidence. *Kyles v. Whitley*, 514 U.S. 419, 437-38 (1995). The constitutional mandates of *Brady* and its progeny are clear, and we disagree with appellant's assertion that a district court ruling could relieve the State of its duty to learn of and disclose favorable evidence in law enforcement's possession.

As to appellant's claim that his due process rights were violated by the district court's conclusion that the State's procedures satisfied *Brady*, to establish a due process violation pursuant to *Brady*, a defendant must show: (1) evidence favorable to the defendant; (2) was withheld, either intentionally or inadvertently, by the State; and (3) "prejudice ensued, i.e., the evidence was material." *Mazzan v. Warden* 116 Nev. 48, 67, 993 P.2d 25, 37 (2000). However, as conceded by appellant, he has not identified any material evidence that was suppressed by the State.

2

SUPREME COURT
OF
NEVADA

(O) 1947A

Despite this fundamental flaw in his *Brady* claim, appellant alleges that his due process rights were violated even if evidence was not suppressed because the prosecutor never looked for *Brady* evidence in the police personnel files. Appellant does not articulate what potential evidence in the personnel files could have been material to his case. And appellant fails to demonstrate that the State's standard procedures resulted in a *Brady* violation, particularly given the facts of his case. As the Supreme Court has noted:

> The *Brady* rule is based on the requirement of due process. Its purpose is not to displace the adversary system as the primary means by which truth is uncovered, but to ensure that a miscarriage of justice does not occur. Thus, the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial:
>
> *For unless the omission deprived the defendant of a fair trial, there was no constitutional violation requiring the verdict be set aside;* and absent a constitutional violation, there was no breach of the prosecutor's constitutional duty to disclose . . . .

*Bagley*, 473 U.S. at 675 (emphasis added) (internal quotation marks omitted). Thus, without showing the State withheld material evidence, appellant's due process claim necessarily fails as he is unable to demonstrate he was deprived of a fair trial. *See Strickler*, 527 U.S. 263, 281 (1999) ("[N]ot every violation of that duty necessarily establishes that the outcome was unjust. Thus the term '*Brady* violation' is sometimes used to refer to any breach of the broad obligation to disclose exculpatory evidence . . . although, strictly speaking, there is never a real '*Brady* violation' unless" the nondisclosed evidence would have had a reasonable

3

SUPREME COURT
OF
NEVADA

(O) 1947A

probability of producing a different result); *United States v. Navarro*, 737 F.2d 625, 631 (7th Cir. 1984) ("Mere speculation that a government file may contain *Brady* material is not sufficient to require a remand for *in camera* inspection, much less reversal for a new trial. A due process standard which is satisfied by mere speculation would convert *Brady* into a discovery device and impose an undue burden upon the district court.").[2]

*Prior felony convictions*

Appellant claims the district court denied him a meaningful opportunity to present a defense when it ruled that the State could use two prior felony convictions to impeach him if he were to testify at trial. The State argues that appellant did not preserve this issue for appeal, and appellant concedes this point in his reply brief. Pursuant to *Warren v. State*, 121 Nev. 886, 894-95, 124 P.3d 522, 528 (2005), a defendant must make an offer of proof to the district court outlining his intended testimony and make a clear record that he would have testified but for the district court's ruling

---

[2]Appellant alternatively argues that his due process rights were violated because the State's refusal to learn of exculpatory evidence contravenes "prevailing notions of fundamental fairness." *California v. Trombetta*, 467 U.S. 479, 485 (1984). However, the Supreme Court has "defined the category of infractions that violate 'fundamental fairness' very narrowly based on the recognition that, [b]eyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation." *Medina v. California*, 505 U.S. 437, 443 (1992). Beyond his *Brady* claim, appellant does not connect his argument to any recognized category of due-process infraction, and thus this alternative claim fails. *See id.* ("The Bill of Rights speaks in explicit terms to many aspects of criminal procedure, and the expansion of those constitutional guarantees under the open-ended rubric of the Due Process Clause invites undue interference with both considered legislative judgments and the careful balance that the Constitution strikes between liberty and order.").

4

SUPREME COURT
OF
NEVADA

(O) 1947A

in order to preserve this issue for appeal. Appellant did not make an offer of proof or make it clear that he would have testified but for the district court's ruling. As such, we decline to review this unpreserved error on appeal.

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Kathleen E. Delaney, District Judge
      The Law Offices of William H. Brown, Ltd.
      Attorney General/Carson City
      Clark County District Attorney
      Washoe County District Attorney
      Michael E. Langton
      Marquis Aurbach Coffing
      Clark County Public Defender
      Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A